DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERRY BERGER-SMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2293

[March 25, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Peter Holden, Judge; L.T. Case No. 062022CF007857A88810.

Daniel Eisinger, Public Defender, and Devin Michael Johnson, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Melynda Layne Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

We affirm the defendant's judgments and sentences as to all issues raised on appeal but reverse the order assessing lab fees as investigative costs.

Investigative costs may only be assessed "if requested by [the investigating] agencies." § 938.27(1), Fla. Stat. (2022). The state must request investigative costs on behalf of the investigating agency before judgment is rendered. *Richards v. State*, 288 So. 3d 574, 576 (Fla. 2020).

Here, nothing in the record shows an investigative agency requested lab fees as costs. The state did not file a written motion or make an oral request for lab fees as investigative costs prior to the trial court imposing sentence. After pronouncing the sentence, the trial court stated, "there's lab costs associated with this . . .," which the state confirmed, but there was no discussion of the amount to be imposed. The trial court then stated "I have that form here. I will be signing the lab costs."

"That form" referred to by the trial court at sentencing is not in the record, and it is not clear what the form entailed. The state exhibits admitted at sentencing contain a crime laboratory analysis report, but that exhibit says nothing about the cost of the analysis. Additionally, nothing in the record shows the defendant affirmatively agreed to pay the lab fees. *See Icon v. State*, 322 So. 3d 117, 119 (Fla. 4th DCA 2021) ("[A]n award of investigative costs need not be supported by evidence if the defendant affirmatively agrees to pay the requested amount.").

The written order imposing lab costs states that the order was entered "upon the State's Motion for Investigative Costs pursuant to F.S.S. [sic] 938.27," but, as stated above, the record does not contain a written motion or oral request prior to the sentence being imposed.

Thus, we conclude the state did not request lab fees as investigative costs prior to the trial court imposing sentence. For that reason, we reverse the order imposing lab fees and remand for the trial court to vacate the order. Because the state did not request lab fees as investigative costs prior to the imposition of sentence, the state is not entitled to seek payment of the fees after remand. *Richards*, 288 So. 3d at 576; *McNaughton v. State*, 369 So. 3d 304, 306 (Fla. 4th DCA 2023).

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and LOTT, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely-filed motion for rehearing.**